UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ANDREW BAXTER,

                 Petitioner,

        -against-                    ORDER

JOSEPH NOETH, Superintendent,        17-CV-8918 (CS) (JCM)
,
                 Respondent.
------------------------------------------------------x

Seibel, J.

     Before the Court is Respondent's objection, (Doc. 20), to the Report and

Recommendation of United States Magistrate Judge Judith C. McCarthy (the "R&R"), (Doc.

19), recommending that this Court deny Petitioner's application for a writ of *habeas corpus.*.

The Court assumes the parties' familiarity with the underlying facts, the procedural history of the

case, the R&R and the standards governing petitions pursuant to 28 U.S.C. § 2254.

     A District Court reviewing a report and recommendation "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific,

written objection' is made, as long as the factual and legal bases supporting the findings and

conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v.*

*N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P.

72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  "A party that objects to a report and

recommendation must point out the specific portions of the report and recommendation to which

they [*sic*] object."  *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350,

352 (E.D.N.Y. 2009).   If a party fails to object to a particular portion of a report and

recommendation, further review thereof is generally precluded.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).  The court must review *de novo* any portion of the report to which a specific objection is made.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).   When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error.  *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Respondent objects only to the R&R's conclusion that Petitioner exhausted his claim that his post-arrest statement should have been suppressed as a violation of his right to counsel. Essentially for the reasons stated by Respondent, I agree that this claim was unexhausted.[1] Because Judge McCarthy found the claim failed on the merits, the outcome remains the same.

I have reviewed the portions of the Petition as to which no objection has been raised, and find no error, clear or otherwise.

Accordingly, with the exception noted above, the R&R is adopted as the decision of the Court.  The Petition is denied.  As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).  The

---

[1] I need not determine the extent to which, if at all, *Daye v. Attorney General of the State of New York*, 696 F.2d 186 (2d Cir. 1982), retains its vitality in light of *Baldwin v. Reese*, 541 U.S. 27 (2004), because even under *Daye*, the "legal basis of the claim made in state court" was not "the substantial equivalent of that of the habeas claim," *Daye*, 696 F.2d at 192 (internal quotation marks omitted), given that the state claim was explicitly based on a state-law right that has no federal equivalent.

Clerk of Court is respectfully directed to close the case.  My chambers will send a copy of this

Order to Petitioner.

**SO ORDERED.**

Dated: June 3, 2020
       White Plains, New York


                                                      _____
                                                   CATHY SEIBEL, U.S.D.J.